# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| HILL FULWIDER, P.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-1554 |
| | ) |
| SWINDELL-DRESSLER INTERNATIONAL COMPANY, TRAVELERS INDEMNITY COMPANY and THE TRAVELERS COMPANIES, INC., | ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Hill Fulwider, P.C. (hereinafter "Hill Fulwider"), by counsel, and for its cause of action herein, states:

### Diversity of the Parties

1.  Hill Fulwider brings this action based on diversity of citizenship pursuant to 28 U.S.C. §1332.

2.  This Court is the appropriate venue pursuant to 28 U.S.C. §1391(b)(2) because all events giving rise to this action occurred in this District.

3.  Hill Fulwider is a privately held corporation incorporated in the State of Indiana with its principal place of business located at One Indiana Square, Suite 2400, Indianapolis, Indiana 46204, and is a citizen of the State of Indiana.

4.  Defendant Swindell-Dressler International Company (hereinafter "Swindell-Dressler") is a privately held corporation incorporated in the State of Delaware with its principal

place of business located at 5100 Casteel Drive, Coraopolis, Pennsylvania 15108, and is a citizen of the States of Delaware and Pennsylvania.

5.    Defendant Travelers Indemnity Company (hereinafter collectively referred to as "Travelers Indemnity") is incorporated in the State of Connecticut with its principal place of business located at 1 Tower Square, Hartford, Connecticut, 06183, and is a citizen of the State of Connecticut.

6.    Defendant Travelers Companies, Inc. (hereinafter collectively referred to as "Travelers Companies"), is the parent company of Travelers Indemnity, and is incorporated in the State of Minnesota with its principal place of business in New York, New York, and is a citizen of the States of Minnesota and New York.

7.    As required by 28 U.S.C. § 1332(a), the parties to this action are completely diverse.

8.    The amount in controversy in this matter exceeds $75,000.00.

### Nature of Action with an Amount in Controversy Exceeding $75,000

9.    On or about May 1, 2012, Swindell-Dressler requested Hill Fulwider to provide legal services for all asbestos litigation in which Swindell-Dressler was a named defendant then pending in Indiana and Illinois.

10.    Hill Fulwider accepted Swindell-Dressler's legal representation assignment and thereafter appeared in and began handling all of Swindell-Dressler's pending asbestos cases in Indiana and Illinois.

11.    Subsequently, Swindell-Dressler continued to request Hill Fulwider's legal services in the defense of each new matter filed against it in Indiana and Illinois.

12. Hill Fulwider continued to accept Swindell-Dressler's legal representation assignments in each of the newly filed Indiana and Illinois cases.

13. At all relevant times, Travelers Indemnity had a duty to defend and indemnify Swindell-Dressler with respect to the Indiana and Illinois asbestos litigation.

14. At all relevant times, Travelers Indemnity agreed with Swindell-Dressler's retention of Hill Fulwider to provide legal representation in the Indiana and Illinois asbestos litigation.

15. At all relevant times, Travelers Indemnity was responsible for payment of 80% of all attorney fees and expenses incurred in the defense of Swindell-Dressler.

16. At all relevant times, Swindell-Dressler was responsible for payment of 20% of all attorney fees and expenses incurred in its defense.

17. Between November 1, 2014, and July 31, 2015, Hill Fulwider actively represented and provided legal services for Swindell-Dressler and Travelers Indemnity in as many as one hundred and sixty two (162) active cases in Indiana and Illinois.

18. On or about February 23, 2015, Hill Fulwider sent invoices to Swindell-Dressler and Travelers Indemnity requesting payment of attorney fees and expenses totaling $97,841.10 incurred between November 1, 2014 and January 31, 2015.

19. The February 2015 invoices were not paid by Swindell-Dressler or Travelers Indemnity.

20. On or about May 12, 2015, Hill Fulwider sent invoices to Swindell-Dressler and Travelers Indemnity requesting payment of attorney fees and expenses totaling $104,511.46 incurred between February 1, 2015 and April 30, 2015.

21. The May 2015 invoices were not paid by Swindell-Dressler or Travelers Indemnity.

22. In June 2015, a Travelers Indemnity representative informed Hill Fulwider that all outstanding invoices were being processed for payment and that payment would be expedited.

23. At no time thereafter were the February 2015 or May 2015 invoices paid by Swindell-Dressler or Travelers Indemnity.

24. On July 6, 2015, Hill Fulwider sent correspondence to Travelers Indemnity, with a copy to Swindell-Dressler, demanding full payment of all outstanding invoices.

25. On July 20, 2015, Hill Fulwider once again sent correspondence to Travelers Indemnity, with a copy to Swindell-Dressler, demanding full payment of outstanding invoices.

26. The Defendants terminated the business relationship with Hill Fulwider on July 21, 2015.

27. On or about August 18, 2015, Hill Fulwider sent invoices to Swindell-Dressler and Travelers Indemnity requesting payment of attorney fees and expenses totaling $93,141.98 incurred between May 1, 2015 and July 31, 2015.

28. Any and all attorney fees and expenses dated after the July 21, 2015 termination of the business relationship were incurred in connection with transferring case files to new counsel and terminating representation on recently closed matters.

29. The August 2015 invoices were not paid by Swindell-Dressler or Travelers Indemnity.

30. All unpaid and outstanding attorney fees and expenses incurred between November 1, 2014 and July 31, 2015 on behalf of Swindell-Dressler and Travelers Indemnity

were necessary and reasonable to defend Swindell-Dressler's interests in the Indiana and Illinois asbestos litigation.

31. To date, Defendants have failed to pay any amount due for the legal services provided by Hill Fulwider from November 1, 2014 through July 31, 2015.

## COUNT I – BREACH OF CONTRACT

32. Hill Fulwider hereby incorporates paragraphs 1 through 31 as if set forth fully herein.

33. Hill Fulwider and Defendants entered into a binding contract that called for payment of attorney fees and expenses incurred in the defense of Swindell Dressler in Indiana and Illinois asbestos cases.

34. Swindell-Dressler and Travelers Indemnity have breached the contractual obligation to pay for legal services performed and related expenses incurred by Hill Fulwider.

35. Hill Fulwider's attempts to collect the debt have failed as both Swindell-Dressler and Travelers Indemnity refuse to pay any portion of the outstanding amount.

36. As a direct result of Defendants' breach, Hill Fulwider has suffered compensatory damages in the amount of $295,494.54 due to Defendants' nonpayment for agreed upon legal services rendered on behalf of the Defendants between November 1, 2014 and July 31, 2015.

37. Further, pursuant to Indiana Code § 24-4.6-1-103, Hill Fulwider is entitled to receive prejudgment interest on the amounts due at a rate of eight percent (8%) per annum, beginning on the date that payment was first demanded.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants for a sum of $295,494.54, plus prejudgment interest at the statutory rate of eight percent (8%) per annum, and for all other relief just and proper in the premises.

## COUNT II – QUANTUM MERUIT

38.  Hill Fulwider hereby incorporates paragraphs 1 through 37 as if set forth fully herein.

39.  At all times that Hill Fulwider performed work on behalf of Swindell-Dressler and Travelers Indemnity, Swindell-Dressler and Travelers Indemnity knew that Hill Fulwider expected to be paid for such services.

40.  Swindell-Dressler and Travelers Indemnity have retained a benefit from the work performed by Hill Fulwider.

41.  Swindell-Dressler and Travelers Indemnity have not paid for the benefit they received from the services provided by Hill Fulwider.

42.  Hill Fulwider requests relief on the basis of quantum meruit for the work performed on behalf of Swindell-Dressler and Travelers Indemnity.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants for a sum of $295,494.54, plus prejudgment interest at the statutory rate of eight percent (8%) per annum, and for all other relief just and proper in the premises.

## COUNT III – ACCOUNT STATED

43.  Hill Fulwider hereby incorporates paragraphs 1 through 42 as if set forth fully herein.

44. At all relevant times, an agreement existed between the parties that Hill Fulwider would represent Swindell-Dressler in Indiana and Illinois asbestos cases in exchange for payment for attorney fees and expenses from Swindell-Dressler and Travelers Indemnity.

45. Hill Fulwider sent invoices to Swindell-Dressler and Travelers Indemnity in February, May and August 2015 itemizing the work performed and charges therefor between November 1, 2014 and July 31, 2015 in the ordinary and regular course of business.

46. At all times, Swindell-Dressler and Travelers Indemnity promised to pay for such legal work.

47. At no time have Swindell-Dressler or Travelers Indemnity disputed or objected to any specific work performed or charges therefor between November 1, 2014 and July 31, 2015.

48. All itemized listings of work performed and the related charges in the invoices sent to Swindell-Dressler and Travelers Indemnity in February, May and August 2015 are correct.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants for a sum of $295,494.54, plus prejudgment interest at the statutory rate of eight percent (8%) per annum, and for all other relief just and proper in the premises.

## COUNT IV – PROMISSORY ESTOPPEL

49. Hill Fulwider hereby incorporates paragraphs 1 through 48 as if set forth fully herein.

50. At all relevant times, Swindell-Dressler and Travelers Indemnity promised to pay Hill Fulwider for legal services performed and expenses advanced in the defense of Swindell-Dressler in Indiana and Illinois asbestos cases.

51. Swindell-Dressler and Travelers Indemnity made those promises with the expectation that Hill Fulwider would rely thereon.

52. Hill Fulwider reasonably relied the promises made by Swindell-Dressler and Travelers Indemnity.

53. As a result of said promises, Hill Fulwider provided legal representation to Swindell-Dressler in all pending Indiana and Illinois asbestos litigation.

54. Additionally, as a result of said promises, Hill Fulwider also provided legal representation to Swindell-Dressler in all newly filed Indiana and Illinois asbestos litigation.

55. The promises made by Swindell-Dressler and Travelers Indemnity were of a definite and substantial nature.

56. At all times, Swindell-Dressler and Travelers Indemnity conducted themselves in a manner that induced Hill Fulwider to provide Swindell-Dressler legal representation.

57. Swindell-Dressler's and Travelers Indemnity's failure to pay for legal services performed and expenses advanced by Hill Fulwider is inconsistent with their promises to Hill Fulwider.

58. Swindell-Dressler's and Travelers Indemnity's conduct has caused damages to Hill Fulwider.

59. Injustice can be avoided only by enforcement of the promises made by Swindell-Dressler and Travelers Indemnity.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants for a sum of $295,494.54, plus prejudgment interest at the statutory rate of eight percent (8%) per annum, and for all other relief just and proper in the premises.

## COUNT V – UNJUST ENRICHMENT

60. Hill Fulwider hereby incorporates paragraphs 1 through 59 as if set forth fully herein.

61. At all relevant times, Swindell-Dressler retained Hill Fulwider to provide legal representation to Swindell-Dressler in Indiana and Illinois asbestos cases.

62. At all relevant times, Travelers Indemnity consented to Swindell-Dressler's retention of Hill Fulwider to provide legal representation.

63. Swindell-Dressler and Travelers Indemnity retained substantial benefit from Hill Fulwider's legal representation of Swindell-Dressler.

64. At all times, Swindell-Dressler and Travelers Indemnity knew that Hill Fulwider expected to be paid for its legal representation of Swindell-Dressler.

65. Swindell-Dressler and Travelers Indemnity have failed to pay for the legal representation provided by Hill Fulwider in Indiana and Illinois asbestos cases from November 1, 2014 to July 31, 2015.

66. Swindell-Dressler's and Travelers Indemnity's retention of the benefit of Hill Fulwider's legal representation in the Indiana and Illinois asbestos cases without payment is unjust.

67. Hill Fulwider has suffered damages as a result of the Defendants' retention of the benefit of the legal representation without paying for the services provided in the Indiana and Illinois asbestos cases.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants for a sum of $295,494.54, plus prejudgment interest at the statutory rate of eight percent (8%) per annum, and for all other relief just and proper in the premises.

        Respectfully submitted,

        GOODIN ABERNATHY, LLP

        */s/Jon C. Abernathy*
        Jon C. Abernathy
        Karl G. Popowics,
        *Attorneys for Plaintiff Hill Fulwider, P.C.*

Jon C. Abernathy, Attorney No. 4069-49
Karl G. Popowics, Attorney No. 19527-49
GOODIN ABERNATHY, LLP
8900 Keystone Crossing, Suite 1100
Indianapolis, IN 46240
317-843-2606
jabernathy@goodinabernathy.com
kpopowics@goodinabernathy.com
82-276