UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HILL FULWIDER PC, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| SWINDELL-DRESSLER INTERNATIONAL COMPANY,<br>TRAVELERS INDEMNITY COMPANY, | )<br>)<br>)<br>) No. 1:15-cv-01554-JMS-TAB |
| Defendants. | )<br>)<br>) |
| TRAVELERS INDEMNITY COMPANY,<br>SWINDELL-DRESSLER INTERNATIONAL COMPANY,<br>TRAVELERS INDEMNITY COMPANY,<br>SWINDELL-DRESSLER INTERNATIONAL COMPANY, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Counter-Claimants, | )<br>) |
| vs. | )<br>) |
| HILL FULWIDER PC,<br>KEITH HAYS, | )<br>)<br>) |
| Counter-Defendants. | ) |

**ORDER DENYING MOTION TO DISMISS**

Plaintiff/Counter-Defendant Hill Fulwider, P.C. ("Hill Fulwider"), initiated this litigation against Defendants/Counter-Claimants Swindell-Dressler International Company and Travelers Indemnity Company (collectively, "SDIC"), alleging various legal claims seeking to recover almost $300,000 in attorney's fees that Hill Fulwider claims to be owed. [Filing No. 1.] In response, SDIC asserted counterclaims against Hill Fulwider for legal malpractice and breach of fiduciary duty. [Filing No. 55.] Hill Fulwider has filed a Motion to Dismiss SDIC's breach of

fiduciary duty claim, arguing that it is duplicative of the legal malpractice claim based on the facts alleged. [Filing No. 38.] For the reasons that follow, the Court denies Hill Fulwider's Motion to Dismiss. [Filing No. 55.]

## I.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## II.
### RELEVANT BACKGROUND

The relevant background is set forth from the allegations of SDIC and Travelers' Amended Counterclaim, [Filing No. 55], which the Court must accept as true pursuant to the applicable standard of review at this stage of the proceedings.[1] The Court emphasizes that these allegations are considered to be true only for purposes of deciding the pending motion.

Hill Fulwider initiated this litigation in October 2015, seeking to recover almost $300,000 in attorney's fees that it claims to be owed for previous legal representation of SDIC. [Filing No. 1.] In response, SDIC asserted counterclaims against Hill Fulwider based on the alleged actions of a Hill Fulwider attorney—Keith Hays—who represented SDIC in asbestos litigation in Indiana and Illinois.[2] [Filing No. 55 at 11.] Mr. Hays settled at least three cases against SDIC without SDIC's knowledge or consent. [Filing No. 55 at 11-12.] Mr. Hays also failed to advise SDIC that he had entered into those settlements. [Filing No. 55 at 12.] SDIC incurred sanctions as a result of Mr. Hays' misconduct, was forced to pay settlements to which it did not agree, and incurred attorney's fees it otherwise would not have incurred. [Filing No. 55 at 13.] Hill Fulwider knew that Mr. Hays had settled at least one unrelated case for another client without authority to do so, but it did not supervise, monitor, or otherwise prevent Mr. Hays' misconduct with regard to SDIC. [Filing No. 55 at 13.] Hill Fulwider was also aware that Mr. Hays was the subject of a disciplinary complaint. [Filing No. 55 at 14.] Despite this, Mr. Hays and Hill Fulwider continued to represent

---

[1] The Court granted SDIC leave to amend their counterclaim after briefing was complete on the pending motion to dismiss, ordering both parties to file supplemental briefs addressing the effect of the Amended Counterclaim. [Filing No. 54.] The Court's references to SDIC's allegations are exclusively from the Amended Counterclaim. [Filing No. 55.]

[2] SDIC asserts third-party claims for legal malpractice and breach of fiduciary duty against Mr. Hays, [Filing No. 55 at 11-15], but Mr. Hays has filed an Answer to those claims, [Filing No. 71], and they are not at issue in the pending motion.

SDIC in multiple asbestos cases without disclosing the prior settled cases. [[Filing No. 55 at 14](#).] SDIC "should have been dismissed from most or all of the cases because it did not manufacture or sell the product which allegedly caused plaintiffs' damages." [[Filing No. 55 at 14-15](#).]

SDIC asserts counterclaims for legal malpractice and breach of fiduciary duty against Hill Fulwider. [[Filing No. 55 at 11-15](#).] Hill Fulwider has moved to dismiss the breach of fiduciary duty claim as duplicative of the legal malpractice claim. [[Filing No. 38](#); [Filing No. 59](#).] SDIC opposes that motion, [[Filing No. 44](#); [Filing No. 60](#)], and the Court will now address the merits of the pending motion.

### III.
### DISCUSSION

Hill Fulwider asks this Court to dismiss SDIC's breach of fiduciary duty counterclaim against it because that counterclaim allegedly relies on the same substantive allegations as the legal malpractice counterclaim. [[Filing No. 39 at 4-7](#).] Hill Fulwider emphasizes that the breach of fiduciary duty claim relies on the "case within a case" analysis that also must be done for the legal malpractice claim. [[Filing No. 39 at 8-9](#).] Hill Fulwider argues that it does not matter if SDIC seeks different relief for each claim. [[Filing No. 39 at 9-11](#).] Although Hill Fulwider concedes that SDIC "slightly modified the factual allegations" in response to the pending motion after being granted leave to do so, it still contends that the amended breach of fiduciary duty counterclaim is legally deficient because it relies on the same example of alleged malpractice as the legal malpractice claim. [[Filing No. 59](#).]

In response to the pending motion, SDIC argues that the breach of fiduciary duty counterclaim is not duplicative of the legal malpractice claim. [[Filing No. 44](#).] It emphasizes that under Indiana law, it can seek disgorgement as a remedy for the equitable breach of fiduciary claim and it cannot seek that remedy under the legal malpractice claim. [[Filing No. 44 at 2-3](#).]

4

Additionally, in contrast to a legal malpractice claim, a breach of fiduciary duty claim does not require the plaintiff to prove financial harm from the agent's misconduct. [Filing No. 44 at 2.] SDIC emphasizes that the breach of fiduciary duty claim is based on additional allegations that go beyond what is necessary for legal malpractice, specifically that Mr. Hays, while employed by Hill Fulwider, continued to represent SDIC in the settled cases and other asbestos cases while continuing to conceal the settlements from SDIC. [Filing No. 60 at 4.] Finally, SDIC emphasizes that this case is still in its early stages and that it should be allowed to conduct discovery on the pending claims. [Filing No. 44 at 5-6; Filing No. 60 at 5.]

The Court is exercising diversity jurisdiction over this action. 28 U.S.C. § 1332. Federal courts deciding state law claims under diversity jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law, unless a party raises a choice of law issue. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) (citations omitted). Both parties apply Indiana law, and the Court will do the same.

It is well-established that "plaintiffs in federal court are not required to plead with precision legal theories or detailed facts." *Benuzzi v. Bd. of Educ. of City of Chicago*, 647 F.3d 652, 664 (7th Cir. 2011). In Indiana, "[t]o prove a legal malpractice claim, a plaintiff must establish: 1) employment of the attorney (duty); 2) failure of the attorney to exercise ordinary skill and knowledge (breach); 3) proximate cause (causation); and 4) loss to the plaintiff (damages)." *Flatow v. Ingalls*, 932 N.E.2d 726, 729 (Ind. Ct. App. 2010) (citing *Thayer v. Vaughan*, 798 N.E.2d 249, 255 (Ind. Ct. App. 2003)). To prove a breach of fiduciary duty claim, a plaintiff must establish: (1) the existence of a fiduciary relationship; (2) a breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary. *Farmers Elevator Co. of Oakville, Inc. v. Hamilton*, 926 N.E.2d 68, 79 (Ind. Ct. App. 2010).

5

Hill Fulwider does not dispute that it owed a fiduciary duty to SDIC. This makes some of the cases on which it relies inapposite. *See Town of Goodland v. Kessler Tank Co., Inc.*, 2014 WL 1319509, at *2 (N.D. Ind. 2014) (dismissing breach of fiduciary duty claim because of insufficient allegations to establish fiduciary relationship between two parties that conducted an arm's length business transaction). Moreover, SDIC correctly points out that Hill Fulwider does not cite any Indiana precedent holding that a plaintiff cannot pursue both a legal malpractice claim and a breach of fiduciary duty claim. In fact, a breach of fiduciary duty claim has been described as "entirely different" from a legal malpractice claim. *Price Waicukauski & Riley, LLC v. Murray*, 47 F. Supp. 3d 810, 825 (S.D. Ind. 2014). One way in which these claims are different is the damages that a plaintiff can recover. A breach of fiduciary duty claim is an equitable claim for which a defendant can be required to disgorge all compensation received during the time it was breaching the fiduciary duty, even if the plaintiff cannot demonstrate a financial loss. *Wenzel v. Hopper & Galliher, P.C.*, 830 N.E.2d 996, 1001 (Ind. Ct. App. 2005); *see also Prime Mortg. USA, Inc. v. Nichols*, 885 N.E.2d 628, 659 (Ind. Ct. App. 2008) ("we have previously held that one breaching a fiduciary duty may be required to disgorge all compensation received during the breach"). Conversely, "the measure of damages in a legal malpractice case is the value of the plaintiff's lost claim." *Schultheis v. Franke*, 658 N.E.2d 932, 939-40 (Ind. Ct. App. 1995).

In addition to the distinct nature of these legal claims, some of the allegations SDIC makes in its amended pleading to support its breach of fiduciary duty claim are independent of the allegations it makes to support its legal malpractice claim. [Filing No. 55 at 11-15.] For example, SDIC's legal malpractice claim alleges that Hill Fulwider failed to exercise reasonable care in performing legal services by failing to adequately supervise Mr. Hays, despite SDIC's allegation that Hill Fulwider was aware that Mr. Hays had previously settled at least one case for an unrelated

6

client without authority and was the subject of a disciplinary complaint. [Filing No. 55 at 12-13.] SDIC's breach of fiduciary duty claim makes similar allegations, but it also alleges that Hill Fulwider's breach of fiduciary duty stems from: 1) its continued representation of SDIC in multiple asbestos cases after failing to disclose the previously alleged malpractice; and/or 2) its continued representation of SDIC in cases in which had no liability because it did not manufacture or sell the product at issue. [Filing No. 55 at 14-15; Filing No. 60 at 4-5.]

For these reasons, the Court must deny Hill Fulwider's Motion to Dismiss. [Filing No. 38.] Indiana law sets forth distinct legal elements for legal malpractice and breach of fiduciary duty claims, and Hill Fulwider points to no authority that a party cannot pursue both at the same time. Additionally, through its amended pleading, SDIC clarifies the alleged factual basis for each of these claims. While the allegations may somewhat overlap, they are not duplicative. Finally, given that this litigation is at the pleading stage, it is simply too early to conclude that SDIC cannot prove both a legal malpractice claim and a breach of fiduciary duty claim as a matter of law. The Court's ruling on the pending motion should not be read as an endorsement regarding the ultimate success of these claims, however, given that SDIC may have to overcome issues of vicarious and direct liability to actually prevail against Hill Fulwider.

## IV.
### CONCLUSION

For the reasons stated herein, the Court **DENIES** Hill Fulwider's Motion to Dismiss SDIC's Breach of Fiduciary Duty Counterclaim. [Filing No. 38.]

Date: 2/2/2017

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF:**

Jon C. Abernathy
GOODIN ABERNATHY LLP
jabernathy@goodinabernathy.com

Karl G Popowics
GOODIN ABERNATHY LLP
kpopowics@goodinabernathy.com

Andrew W. Hull
HOOVER HULL TURNER LLP
awhull@hooverhullturner.com

Susanne Amelia Johnson
HOOVER HULL TURNER LLP
sjohnson@hooverhullturner.com

Michael E. Brown
KIGHTLINGER & GRAY LLP
mbrown@k-glaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI JOVEN & CAITLIN, LLC
cnemeth@price-law.com

Henry J. Price
PRICE WAICUKAUSKI JOVEN & CAITLIN, LLC
hprice@price-law.com

Daniel David Trachtman
WOODEN & MCLAUGHLIN LLP (Indianapolis)
dtrachtman@woodmclaw.com